ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Defendant: RICARDO HERRERA-ARTEAGA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. William Q. Hayes)

| UNITED STATES OF AMERICA, | ) Criminal Case No.:    08cr1694 - WQH |
|---|---|
| Plaintiff, | ) Magistrate Case No.:  08mj1338 |
| vs. | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| RICARDO HERRERA-ARTEAGA, | ) |
| Defendant. | ) |

## I.

## STATEMENT OF FACTS

On April 28, 2008, within the Southern District of California, defendant Ricardo Herrera-Arteaga, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Sections 1326(a) and (b)- Deported Alien Found in the United States (Felony).

## II.

## **THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE AND PRODUCTION OF DISCOVERY**

Mr. Herrera-Arteaga moves this court for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

1. **Mr. Herrera-Arteaga's Statements.** The government must disclose:
   (a) copies of any written or recorded statements made by Mr. Herrera-Arteaga;
   (b) copies of any written record containing the substance of any statements made by Mr. Herrera-Arteaga; and:
   (c) the substance of any statements made by Mr. Herrera-Arteaga which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

2. **Arrest Reports, Notes and Dispatch Tapes.** The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P.16(a)(1)(A); 16(a)(1)(B), 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir.1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim.P.16(a)(1)(E) and Fed. R. Crim. P. 26.2. Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. **Any Information That May Result in a Lower Sentence Under The**

1 **Guidelines.** As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S.83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense. characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

4. **Mr. Herrera-Arteaga's Prior Record.** Mr. Herrera-Arteaga requests disclosure of his prior record. See Fed. R. Crim. P. 16(a)(1)(B).

5. **Any Proposed 404(b) and (609) Evidence.** The government must produce evidence of prior similar acts under Fed. R. Crim. Proc., 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution shall provide reasonable notice in advance of trial of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. This applies not only to evidence which the government may use as rebuttal. <u>United States v. Vega</u>, 1888 F. 3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise." Preclude "trial by ambush" and prevent the "possibility of prejudice," Id., and he requests such notice at least two weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

6. **Evidence Seized.** The defendant requests production of evidence seized as a result of any search. Fed. R. Crim. Proc. 16(a)(1)(C).

7. **Documents and Tangible Objects.** Mr. Herrera-Arteaga requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C). Specifically, Mr. Herrera-Arteaga requests that the government provide him with a copy of his statements made to any and all government agents,

- 3 -

state or federal, which occurred prior to his arrest. This includes all reports prepared by any peace officer.

8. **Reports of Scientific Tests or Examinations**. Mr. Herrera-Arteaga requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Herrera-Arteaga notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Herrera-Arteaga requests a copy.

9. **Expert Witnesses.** Mr. Herrera-Arteaga requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Herrera-Arteaga requests written summaries describing the bases and reasons for the expert's opinions. See id. This request specifically applies to any fingerprint and handwriting experts that the government intends to call.

10. **Brady Material.** Mr. Herrera-Arteaga requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963), Williams v. Taylor, 120 S.Ct. 1479 (2000), Strickler v. Greene, 527 U.S. 263 (1999). Mr. Herrera-Arteaga maintains that his police file constitutes Brady material and therefore it must be produced.

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Herrera-Arteaga requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Kyles v. Whitley, 514 U.S. 419 (1995). In addition, Mr. Herrera-Arteaga requests any evidence tending to show that a prospective government

witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

11. **Request for Preservation of Evidence.** Mr. Herrera-Arteaga specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. Mr. Herrera-Arteaga specifically requests the preservation of all video or photographic film evidence of defendant's attempt to flee arrest from the United States Border Patrol and other law enforcement officers.

12. **Witness Addresses.** Mr. Herrera-Arteaga requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

13. **Jencks Act Material.** Mr. Herrera-Arteaga requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

14. **Residual Request.** Mr. Herrera-Arteaga intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Herrera-Arteaga requests that

the government provide him and his attorney with the above-requested material sufficiently in advance of trial.

15. **Evidence of Criminal Investigation of Any Government Witness.** The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

16. **Evidence of Bias or Motive to Lie.** The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

17. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.** The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d213, 224 (4th Cir. 1980).

18. **Name of Witnesses Favorable to the Defendant**. The defendant requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213,223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied,444 U.S. 1086 (1980).

19. **Statements Relevant to the Defense.** The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert.

- 6 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

U. S. v. *Herrera-Arteaga*

United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

20. **Giglio Information**. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

21. **Agreements between the Government and Witnesses**. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. **Informants and Cooperating Witnesses**. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Rovariaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

23. **Bias by Informants or Cooperating Witnesses**. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24. **Personnel Records of Government Officers Involved in the Arrest**. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25. **Training of Relevant Law Enforcement Officers**. Defendant requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case ( United States Customs Service, Border Patrol, INS, Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of the persons with in those vehicles; (c) the detention of individuals within those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Defendant also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics and/or people in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

26. **Performance Goals and Policy Awards**. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics and/or people in general.

27. **Opportunity to Weigh, View and Photograph the Evidence Seized**. Defendant hereby requests an opportunity to view, photograph, and weigh any evidence allegedly confiscated in this case.

## II.

## MOTION FOR SUPPRESSION OF STATEMENTS

### A. MR. HERRERA-ARTEAGA IS ENTITLED TO AN EVIDENTIARY HEARING TO DETERMINE WHETHER HIS STATEMENTS, IF ANY, WERE VOLUNTARILY MADE AND ELICITED IN COMPLIANCE WITH MIRANDA.

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* S*ee also Orozco v. Texas*, 394 U.S. 324, 327 (1969).

When interrogation takes place without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently

and voluntarily waived her privilege against self-incrimination and her right to retained or appointed counsel. *Miranda,* 384 U.S. at 475. A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently and voluntarily in order to be effective. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The standard of proof for a waiver of this constitutional right is high. *Miranda*, 384 U.S. at 475. *See United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great; the court must indulge every reasonable presumption against waiver of fundamental constitutional rights.)

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. *Edwards v. Arizona*, 451 U.S. 477, 472 (1981).

The government in the present case has the burden of proving that Mr. Herrera-Arteaga was read his *Miranda* rights and intelligently and voluntarily waived those rights in all situations where Mr. Herrera-Arteaga reasonably believed that he was not free to leave. *See United States v. Estrada-Lucas*, 651 F.2d 1261, 1265 (9th Cir. 1980).

Even when the procedural safeguards of *Miranda* have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession. *Jackson v. Denno*, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 483 (1972); *see also* 18 U.S.C. § 3501(a).

A statement must be the product of a rational intellect and free will to be voluntary. *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne, the totality of the circumstances must be considered. *Schneckloth v.*

*Bustamonte*, 412 U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. *Townsend v. Sain*, 372 U.S. 293, 307 (1962). It must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influences. *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). A hearing is therefore required to determine whether the statements made by Mr. SERNA were voluntary.[1]

### III.

### MOTION TO FILE ADDITIONAL MOTIONS

At this time the defense is trying to make contact with exculpatory witnesses whose whereabouts are unknown. It is conceivable the defendant will file additional motions relating to prosecutorial delay resulting in unfair prejudice to the defendant; as well as other applicable motions, including suppression motions. Lastly, given limited discovery has been produced, additional motions maybe necessary once counsel has had the opportunity to review same.

### V.

### CONCLUSION

For the foregoing reasons, Mr. Herrera-Arteaga respectfully requests that the Court grant the motions made by the Defendant.

Respectfully Submitted this 14th day of July, 2008.      **SCHROTH & SCHROTH**

                                                                             By:   s/ Robert Schroth Sr.
                                                                                ROBERT E. SCHROTH, SR,
                                                                                Attorney for Defendant

---

[1] It is unclear from the discovery if the defendant made any statements. Therefore, the motion is being filed as a prophylactic measure.

- 11 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

U. S. v. *Herrera-Arteaga*

1  ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
2044 First Avenue, Suite 200
2  San Diego, California 92101
Telephone: (619) 233-7521
3  Facsimile:  (619) 233-4516

4  Attorney for Defendant: RICARDO HERRERA-ARTEAGA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. William Q. Hayes)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO HERRERA-ARTEAGA,<br><br>Defendant. | Criminal Case No.:   08cr1694 - WQH<br>Magistrate Case No.:  08mj1338<br><br>**NOTICE OF MOTION AND MOTION FOR**<br>**1) DISCOVERY/PRESERVE EVIDENCE;**<br>**2) LEAVE TO FILE MOTIONS**<br><br>Date:<br>Time:<br>Judge:   Hon. William Q. Hayes |

**TO UNITED STATES ATTORNEY KAREN P. HEWITT, ASSISTANT UNITED STATES ATTORNEY CAROLINE HAN:**

NOTICE IS HEREBY GIVEN that on July 14, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Judge Hon. William Q. Hayes of this court, located at 940 Front Street, San Diego, California, 92101, Defendant, Ricardo Herrera-Arteaga, by and through his attorney of record, Robert E. Schroth Sr., will move the court for an Order granting the following motions: 1) to compel and preserve discovery; and 2) to Leave to file additional motions.

1 **MOTION**

2 The defendant Ricardo Herrera-Arteaga, by and through his counsel, Robert E. Schroth,
3 Sr., pursuant to United States Constitution, Fed. R. Crim. Proc., Rules 8 and 14, and applicable
4 case law and local rules, moves this Court for an Order: 1) to compel and preserve discovery;
5 and 2) Leave to file additional motions.

6 These motions are based upon the instant Motions and Notice of Motions, the attached
7 Statements of Facts and Memorandum of Points and Authorities, the files and records in the
8 above-captioned matter, and any and all other materials which may be brought to this Court*s
9 attention prior to or during the hearing on these motions.

10
Respectfully Submitted this 14th day of July, 2008.
11

12 **SCHROTH & SCHROTH**
13

14
By:    /s/ Robert Schroth Sr.
15         ROBERT E. SCHROTH, Sr.
           Attorney for Defendant
16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF MOTION AND MOTION FOR DISCOVERY

U. S.  v. HERRERA-ARTEAGA.

- 3 -

1    Re:    <u>USA v. Herrera-Arteaga</u>
     Criminal Case No:    08cr1694-WQH
2

3                    **PROOF OF SERVICE BY MAIL**

4            **STATE OF CALIFORNIA COUNTY OF SAN DIEGO**

5       I am employed in San Diego, California; I am over the age of eighteen years and am not a party to this action; my business address is 2044 First Avenue, Suite 200, San Diego, CA 92101.
6
        On July 14, 2008, I served the following document(s) described as:
7    **NOTICE OF MOTION AND MOTION FOR 1) DISCOVERY 2) PRESERVE EVIDENCE 3) LEAVE, MEMORANDUM OF POINTS AND AUTHORITIES**
8
     On the interested parties to this action by efile service:
9
     Karen P. Hewitt
10   United States Attorney,
     Caroline Han
11   Assistant United States Attorney
     Federal Office Building
12   880 Front Street, Room 6293
     San Diego, California 92101
13

14   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal service on that
15   same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if
16   postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
17
            I declare under penalty of perjury under the laws of the State of California that the
18   above is true and correct.

19
       _s/ Robert E. Schroth Sr._____
20           Robert E. Schroth Sr.

21

22

23

24

25

26