KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-5220
Fax: (619) 235-2757
E-mail: caroline.han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1694-WQH |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MOTIONS: |
| | ) | |
| v. | ) | (1) TO COMPEL FINGERPRINT EXEMPLAR |
| | ) | (2) FOR PRODUCTION OF RECIPROCAL |
| | ) | DISCOVERY |
| RICARDO HERRERA-ARTEAGA, | ) | |
| | ) | Hon William Q. Hayes |
| Defendant. | ) | August 18, 2008 |
| | ) | 2:00 pm |
| | ) | |
| | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Motion to Compel the Defendant's Fingerprint Exemplar and for Production of Reciprocal Discovery, together with the attached Statement of Facts, and Memorandum of Points and Authorities.

/ /

/ /

/ /

/ /

/ /

/ /

# I

# STATEMENT OF FACTS

### A. Statement of the Case

On May 23, 2008, a federal grand jury handed up a one-count Indictment charging Defendant Arvin Espinoza-Morales with Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to November 28, 2005. Defendant entered a not guilty plea before Magistrate Judge Nita L. Stormes on May 27, 2008.

### B. Statement of Facts

#### 1. Defendant's Arrest

On April 28, 2008 at approximately 5:50 am, United States Border Patrol (BP) Agent Roberto C. Garcia responded to a citizen's call that there was a person walking on State Route 94 approximately 5 1/4 miles west of the Tecate, California Port of Entry and four miles north of the U.S.-Mexican international border. The area is remote with rugged terrain, and the area is commonly traveled by illegal aliens in an effort to further their travel into the United States. At approximately 6:00 am, BP Agent Garcia found a person later identified as the defendant walking west on State Route 94. BP Agent Garcia identified himself as a Border Patrol agent in English and Spanish, and was also identifiable by the Border Patrol uniform he was wearing. In response to the agent's questions, the defendant stated that he was born in Mexico and was a citizen of Mexico. He further stated that he did not have any documentation that would allow him to enter or remain in the United States. Thereafter, BP Agent Garcia took the defendant into custody and transported him to the Brown Field Border Patrol station.

At the Brown Field Border Patrol station, the defendant was fingerprinted and his information was entered into immigration databases. Based on that, the defendant's identity and criminal history were confirmed, as well as that the defendant is a Mexican citizen with no legal documents to enter or remain in the United States. The defendant was informed of his administrative rights at approximately 6:40 am.

**2. Defendant's Statements**

At approximately 11:27 am, BP Agent Rene Campos advised the defendant that his administrative rights no longer applied. At approximately 11:29 am, the defendant was advised of his <u>Miranda</u> rights by Agent Campos. This was also witnessed by BP Agent Cary Caballero as well as videotaped. The defendant stated that he understood his rights, and agreed to waive those rights. The defendant stated that he understood that he was prosecuted criminally. He also stated that he had been removed on 3 prior occasions, and that his true name is Ricardo Herrera-Arteaga, but he sometimes uses aliases. The defendant added that he is a Mexican citizen and national, and was born in Quitupan, Jalisco, Mexico. He further stated that he has never possessed documentation that would allow him to enter or remain legally in the United States.

The defendant also stated that he had illegally entered the United States on April 27, 2008 at 3:00 pm by walking in the mountains near Tecate, California. He further stated that he was attempting to go to El Cajon, California to find work. Lastly, the defendant acknowledged his criminal history and stated that he knew it was illegal to his re-enter the United States after being deported.

**C. Defendant's Criminal History**

On November 28, 2005, the defendant was convicted of Deported Alien Found in the United States in the Southern District of California and was sentenced to 51 months in prison.

On February 25, 1993, the defendant was convicted of Murder and Tampering with a Witness in the Medford, Oregon District Court. He was subsequently sentenced to 128 months.

On December 22, 1987, the defendant was convicted of Frequenting a Place Where a Controlled Substance is Used Medford, Oregon District Court, and was sentenced to 45 days jail.

On June 30, 1985, the defendant was convicted of Petty Theft in Merced County Municipal Court, and was sentenced to 30 days jail and 3 years probation.

//
//
//
//

## II

## GOVERNMENT MOTION FOR FINGERPRINT EXAMPLARS

### A. Government Motion For Fingerprint Exemplars

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

### B. Government's Motion to Compel Reciprocal Discovery

#### 1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which

1 | he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness
2 | whom Defendant intends to call as a witness. The Government also requests that the Court
3 | make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the
4 | Government receives the reciprocal discovery to which it is entitled.

### 2. Reciprocal Jencks – Statements By Defense Witnesses

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

### III

### CONCLUSION

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and to compel a fingerprint exemplar.

DATED: August 14, 2008

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

          /s/ *Caroline P. Han*
          CAROLINE P. HAN
          Assistant United States Attorney
          Attorneys for Plaintiff
          United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>RICARDO HERRERA-ARTEAGA,<br><br>                  Defendant. | Criminal Case No. 08CR1694-WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

      I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      **Robert Schroth, Sr.**
      *Attorney for defendant*

      I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

      None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on August 14, 2008

                                              /s/ *Caroline P. Han*
                                              CAROLINE P. HAN